Thomas E. Willoughby
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York, 10006
(212) 669-0600

08CIV 4824 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE SWISS COLONY, INC,

           Plaintiff,

   - against -

M/V APL GENERAL, her engines, tackle,
boiler, etc., *in rem*, AMERICAN PRESIDENT
LINES, LTD., HYUNDAI MERCHANT
MARINE CO., LTD. and EXPEDITORS
INTERNATIONAL OCEAN, *in personam*

           Defendants.
------------------------------------------------------------X

**COMPLAINT**

The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

**FIRST:** This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**SECOND:** At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

**THIRD:** At and during all times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

**FOURTH:** On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH:** Thereafter, the said cargo failed to arrive at the port of destination described in Schedule A, and the cargo was therefore not delivered in the same good order and condition in which it was received.

**SIXTH:** Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

**SEVENTH:** Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargo as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may

ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH:**   Plaintiff has performed all duties and obligations on its part to be performed.

**NINTH:**   By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $50,000.00.

**W H E R E F O R E**, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the defendants.

2. That if the defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree be entered in favor of plaintiff against defendants and the vessel for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
May 23, 2008

                        HILL RIVKINS & HAYDEN
                        Attorneys for Plaintiff,

By: _____
                        Thomas E. Willoughby
                        45 Broadway, Suite 1500
                        New York, New York 10006
                        (212) 669-0600

## SCHEDULE A

Plaintiff's legal status and place of business:

THE SWISS COLONY, INC. is a corporation organized under the laws of one of the states of the United States with a principal place of business at 1401 9th Avenue, Monroe, WI 53566.

Defendants' legal status and place of business:

AMERICAN PRESIDENT LINES, LTD. is a corporation with a place of business at 100 Central Avenue, Building 40C, South Kearny, New Jersey 07032.

HYUNDAI MERCHANT MARINE CO., LTD. is a corporation with an office in care of Hyundai Merchant Marine, 300 Sylvan Avenue, 2nd Floor, Englewood Cliffs, New Jersey 07632.

EXPEDITORS INTERNATONAL OCEAN is a corporation with a place of business at 245 Roger Avenue, Inwood, New York 11096.

| | |
|---|---|
| Date of Shipment: | June 6, 2007 |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Seattle, WA |
| Place of Delivery: | Rochelle, IL |
| Shipper: | Shantou Longhu District Sheng Yang Trading Co. Ltd. |
| Consignee: | Seventh Avenue |
| Notify: | Expeditors International |
| Description of Shipment: | 979 Cartons Furniture and Furnishings |
| Nature of Loss or Damage: | Wetting/Physical Damage |
| Bill of lading No. | EIO61N0018978 |