BADIAK & WILL, LLP
Attorneys for Defendants
EXPEDITORS INTERNATIONAL
OCEAN.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 08-T-006-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
THE SWISS COLONY, INC.,

               Plaintiff,

-against-

M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem*, AMERICAN PRESIDENT LINES, LTD., HYUNDAI MERCHANT MARINE CO., LTD., and EXPEDITORS INTERNATIONAL OCEAN,

               Defendants.
------------------------------------------------------------x

ECF CASE

08 CV 4824 (MGC)

ANSWER WITH CROSS-CLAIMS

Defendant, EXPEDITORS INTERNATIONAL OCEAN ("Expeditors"), by their attorneys, BADIAK & WILL, LLP, answering plaintiff's complaint and setting forth it's Cross-Claims against defendants M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem*, AMERICAN PRESIDENT LINES, LTD., and HYUNDAI MERCHANT MARINE CO., LTD., alleges, upon information and belief, as follows:

    1. Denies knowledge or information sufficient to form a belief to the allegations contained in the paragraphs designated "FIRST" and "SECOND" in the plaintiff's complaint.

2. Admits that defendant Expeditors is a corporation or other business entity with an office and place of business at 245 Roger Avenue, Inwood, New York, but except as so admitted, denies the remainder of the allegations contained in the paragraph designated "THIRD" in the plaintiff's complaint.

3. Denies the allegations contained in the paragraph designated "FOURTH", "FIFTH", and "SIXTH" in the plaintiff's complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "SEVENTH" in the plaintiff's complaint.

5. Denies the allegations contained in the paragraphs designated "EIGHTH" and "NINTH" in the plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

6. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

7. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which this defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

8. Any shipments that were carried by defendant are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations. Defendant duly performed the terms and conditions on its part to be performed under the contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

## FOURTH AFFIRMATIVE DEFENSE

9. Defendant's liability, if any, is limited in accordance with the applicable contracts of carriage or other contracts, bill of lading, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

10. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

11. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

12. The applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

14. The alleged damage did not occur while the shipment was in the custody or control of this defendant.

## TENTH AFFIRMATIVE DEFENSE

15. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's

agents or other parties over which this defendant had no control and for whose negligence this defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

16. The contributory negligence of the shipper caused the loss and damage to the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

17. The complaint fails to state a cause of action for which relief can be granted against this answering defendant.

### AS AND FOR IT'S FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

18. That if the answering defendant Expeditors is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Expeditors shall have been caused by or brought about by the acts and/or omissions of co-defendants M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem*, AMERICAN PRESIDENT LINES, LTD., and HYUNDAI MERCHANT MARINE CO., LTD. and, in that event, Expeditors shall be entitled to be indemnified and held harmless by said co-defendants for all amounts, including attorney's fees.

### AS AND FOR IT'S SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS

19. That if the answering defendant Expeditors is held liable to the plaintiff herein, then, in that event, Expeditors is entitled to contribution from co-defendants M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem*, AMERICAN PRESIDENT LINES, LTD., and HYUNDAI MERCHANT MARINE CO., LTD., in an amount corresponding

to the proportion of fault on the part of said co-defendants towards the payment of any judgment which may be entered in favor of the plaintiff herein.

### AS AND FOR IT'S THIRD CROSS-CLAIM AGAINST AUSTRIAN AIRLINES

20. Defendant, EXPEDITORS INTERNATIONAL OCEAN, is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the states of the United States with an office and place of business at 245 Roger Avenue, Inwood, New York 11096.

21. At all material times, Defendant American President Lines ("APL") was a corporation or other business entity with an office and place of business at 100 Central Avenue, Building 40C, South Kearny, New Jersey 07032 and was, at all material times, engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the M/V APL GENERAL which now is or will be within the jurisdiction of this Court during the pendancy of this action.

22. At all material times, Defendant Hyundai Merchant Marine Co., Ltd. ("Hyundai"), was a corporation or other business entity with an office and place of business in care of Hyundai Merchant Marine, 300 Sylvan Avenue, 2nd Floor, Englewood Cliffs, New Jersey 07632 and was, at all material times, engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the M/V APL GENERAL which now is or will be within the jurisdiction of this Court during the pendancy of this action.

23. All and singular the following premises are true and constitute a claims within this Honorable Court's jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

24. On or before June 10, 2007, Beijing Kang Jie Kong International Cargo Agent Co., Ltd., Shenshen Branch, as agent for the actual shipper, delivered or caused to be delivered to defendants APL and Hyundai, at Yantian, China, a shipment consisting of 979 cartons in an ocean shipping container numbered NOLU 455139-5, then being in apparent good order and condition, for carriage from Yantian, China, to Rochelle, IL, via Seattle Washington, pursuant to a sea waybill issued by defendants APL and Hyundai numbered APLU 052351105, dated on or about June 10, 2007.

25. Thereafter, defendants APL and Hyundai, and the aforementioned vessel, failed to deliver the subject shipment at destination in the same good order and condition when received by them, all in violation of their duties as common carriers by water for hire and were otherwise at fault.

26. As a proximate result of defendants APL, Hyundai and the named vessel's breach of their aforementioned duties as common carriers by water for hire, Defendant Expeditors has been named as a defendant herein by plaintiff and claims have been alleged against Defendant Expeditors by plaintiff for alleged shortages and loss alleged to have

been suffered by the subject shipment while in the care, custody and control of defendants APL, Hyundai and the named vessel.

27. Defendant Expeditors, as name consignee under the contract of carriage by water issued by defendants APL, Hyundai and the named vessel, have performed all conditions required on its part to be performed pursuant to the terms and conditions of the aforesaid contracts of carriage.

28. Accordingly, Defendant Expeditors is entitled to bring this action as a Cross-claim and is entitled to maintain this action against the defendants APL, Hyundai and the named vessel for the shortages and losses sustained to the subject shipment to the extent that Defendant Expeditors is held legally responsible for the plaintiff's claims on the subject shipment in this action and to have judgment against defendants APL, Hyundai and the named vessel, jointly and severally, for any amounts defendant Expeditors may be held liable for the damages claimed by plaintiff herein.

**WHEREFORE,** defendant, EXPEDITORS INTERNATIONAL OCEAN, demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting the liability pursuant to the foregoing, and judgment in favor of EXPEDITORS INTERNATIONAL OCEAN and against the co-defendants, M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem*, AMERICAN PRESIDENT LINES, LTD., HYUNDAI MERCHANT MARINE CO., LTD., jointly and severally, together with costs

and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

DATED:    Mineola, New York
          June 27, 2008

                                       Yours, etc.,

                                       BADIAK & WILL, LLP
                                       Attorneys for Defendants
                                       EXPEDITORS INTERNATIONAL
                                       OCEAN
                                       106 Third Street
                                       Mineola, New York 11501-4404
                                       (516) 877-2225
                                       Our Ref.: 08-T-006-JK

                                       By: _____
                                          JAMES P. KRAUZLIS (JK-4972)

TO:   HILL RIVKINS & HAYDEN, LLP
      Attorneys for Plaintiff
      45 Broadway, Suite 1500
      New York, New York 10006

      AMERICAN PRESIDENT LINES, LTD.
      100 Central Avenue, Building 40C
      South Kearny, New Jersey 07032

      HYUNDAI MERCHANT MARINE CO., LTD.
      c/o Hyundai Merchant Marine
      300 Sylvan Avenue, 2nd Floor
      Englewood Cliffs, New Jersey 07632

Index No.: 33911/2007

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NASSAU    )

    **I, Luz M. Webb,** being duly sworn, deposes and says:

    I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On June 27, 2008 I served the within ANSWER WITH CROSS-CLAIMS on:

HILL RIVKINS & HAYDEN, LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, New York 10006

AMERICAN PRESIDENT LINES, LTD.
100 Central Avenue, Building 40C
South Kearny, New Jersey 07032

HYUNDAI MERCHANT MARINE CO., LTD.
c/o Hyundai Merchant Marine
300 Sylvan Avenue, 2nd Floor
Englewood Cliffs, New Jersey 07632

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                                              LUZ M. WEBB

Sworn to before me this
27th day of June, 2008

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 8,
1/11/2010