James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
　　　　lissa.schaupp@hklaw.com

Attorneys for Defendants,
AMERICAN PRESIDENT LINES, LTD.
HYUNDAI MERCHANT MARINE CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SWISS COLONY, INC.,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>M/V APL GENERAL, her engines, tackle, boiler, etc., *in rem,* AMERICAN PRESIDENT LINES, LTD., HYUNDAI MERCHANT MARINE CO., LTD., and EXPEDITORS INTERNATIONAL OCEAN, *in personam*,<br><br>　　　　　　Defendants. | 08 Civ. 4824 (MGC)<br><br>**ANSWER** |

NOW COMES Defendants, American President Lines, Ltd. ("APL") and Hyundai Merchant Marine Co., Ltd. ("HMM") (collectively "Defendants"), by and through their attorneys, Holland & Knight LLP, answering the Complaint of The Swiss Colony, Inc. ("Plaintiff"), and respectfully state upon information and belief:

　　　　1.　　Admit the allegations set forth in the paragraph designated FIRST in the Complaint.

2. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the paragraph designated SECOND in the Complaint.

3. As the allegation regarding M/V APL GENERAL is not directed at the Defendants, no response is required. Admit the remaining allegations set forth in the paragraph designated THIRD in the Complaint.

4. Deny the allegations set forth in the paragraph designated FOURTH in the Complaint, except admit that on or about June 10, 2007, certain goods were laden on M/V APL GENERAL and bill of lading APLU 052351105 was issued.

5. Deny the allegations set forth in the paragraph designated FIFTH in the Complaint.

6. Deny the allegations set forth in the paragraph designated SIXTH in the Complaint.

7. Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the paragraph designated SEVENTH in the Complaint.

8. Deny the allegations set forth in the paragraph designated EIGHTH in the Complaint.

9. Deny the allegations set forth in the paragraph designated NINTH in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. Defendants allege, by way of an affirmative defense, that HMM is not a proper party to this action, as it did not issue the applicable contract of carriage.

## SECOND AFFIRMATIVE DEFENSE

11.     Defendants allege, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

12.     Defendants allege, by way of an affirmative defense, that Plaintiff is not the real party in interest.

## FOURTH AFFIRMATIVE DEFENSE

13.     Defendants allege, by way of an affirmative defense, that said shipment described in Plaintiff's Complaint was subject to all the terms, conditions and exceptions contained in bill of lading APLU 052351105 to which Plaintiff agreed to be and is bound. Any shortage, loss or damage to the shipment, which Defendants specifically deny, was due to causes for which Defendants were not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

## FIFTH AFFIRMATIVE DEFENSE

14.     Defendants allege, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which Defendants specifically deny, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which Defendants had no control and/or for which Defendants cannot be held liable.

## SIXTH AFFIRMATIVE DEFENSE

15. If, which is denied, Defendants are found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from Defendants must be denied for its failure to mitigate its damages. 46 U.S.C. App. § 1304.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request:

1. The Complaint against Defendants be dismissed with prejudice and that judgment be entered in favor of Defendants; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 17, 2008

HOLLAND & KNIGHT LLP

By: _____
James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Telephone: 212-513-3200
Telefax: 212-385-9010
E-mail: jim.hohenstein@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Defendants,
*American President Lines, Ltd.*
*Hyundai Merchant Marine Co., Ltd.*

TO:

| | |
|---|---|
| Thomas E. Willoughby<br>HILL RIVKINS & HAYDEN LLP<br>45 Broadway, Suite 1500<br>New York, NY 10006<br>(212) 669-0600<br>*Attorneys for Plaintiff*<br>*The Swiss Colony, Inc.* | James P. Krauzlis<br>BADIAK & WILL, LLP<br>106 3rd Street<br>Mineola, NY 11501<br>(516) 877-2225<br>*Attorneys for Defendant*<br>*Expeditors International Ocean* |

# 5478156_v1